IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Samuel Span (R12605), ) | |
| ) | |
| Plaintiff, ) | Case No: 15 CV 50063 |
| ) | |
| v. ) | |
| ) | Judge Philip G. Reinhard |
| Raphael Chavez, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On October 15, 2018, Magistrate Judge Johnston entered a report and recommendation [151] recommending that plaintiff's claims be dismissed as to defendant Pfister for failure to exhaust administrative remedies, defendants' affirmative defense of failure to exhaust administrative remedies as to the remaining defendants be denied, and plaintiff's case against the remaining defendants be allowed to proceed. On October 29, 2018, Defendants Chess, Stone, Schoenberger, and Vickroy filed objections to Judge Johnston's report and recommendation [152], and on November 12, 2018, plaintiff filed a response in opposition to defendants' objections [154]. The court has reviewed the record and accepts the report and recommendation. Plaintiff's claims as to defendant Pfister are dismissed; plaintiff's claims against the remaining defendants will proceed.

## STATEMENT

On November 5, 2014, while incarcerated at the Dixon Correctional Center ("Dixon"), plaintiff filed a grievance complaining of events that occurred one and two months prior. Plaintiff testified at his *Pavey* hearing that he placed his grievance in "inmate mail" which, according to procedure, is eventually sent to Dixon's counselors. When plaintiff met with his counselor in December he inquired about the status of his grievance. He was told he would be informed when the grievance was addressed. Plaintiff was transferred to Pontiac Correctional Center ("Pontiac") in January of 2015. Once at Pontiac, plaintiff asked a counselor there about the status of his November 2014 grievance out of Dixon. He was told he would receive a response when a response was given. Having heard nothing about the status of his grievance, plaintiff sent a copy of it to the Administrative Review Board ("ARB") which was denied as untimely in February of 2015. Plaintiff filed a second grievance in December of 2017, while at Pontiac, to follow up on his November 2014 grievance. He was informed in January of 2018 that Dixon had no record of his November 2014 grievance and that their logs of grievances do not go back that far. Plaintiff filed his December 2017 grievance with the ARB which denied it on the grounds of untimeliness. Plaintiff then brought this lawsuit and a *Pavey* hearing was held on July 18, 2018 before Judge Johnston. Judge Johnston filed a report and recommendation dismissing defendant Pfister. Judge Johnston found plaintiff had exhausted his administrative

remedies as to the remaining defendants. The defendants' objections and the plaintiff's response followed.

Following any objections filed by a party to a magistrate judge's report and recommendation on a dispositive motion, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3). *See also* 28 U.S.C. § 636(b)(1)(B) (allowing the magistrate judge to conduct an evidentiary hearing). The district court's de novo determination is not the same as a de novo hearing. "The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations." *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) (citations and quotations omitted).

First, defendants object to Judge Johnston's determination that plaintiff's testimony was credible that he placed his November 2014 grievance in the inmate mail process. Defendant argues plaintiff's claim that the staff did not respond to his grievance is a "visible fiction" that should be ignored by the court. In support of their position, defendants note that out of the 23 grievances plaintiff has filed with the ARB, "only a few of them" contain appropriate responses. This argument is misplaced. The court agrees with the magistrate and plaintiff that this case is analogous to *Dole v. Chandler*, 438 F.3d 804 (7th Cir. 2006). In *Dole*, plaintiff filed a grievance with the ARB but received no response. *Id*. at 805. After receiving no response to his grievance, plaintiff sent another letter inquiring about his grievance. The ARB eventually told plaintiff they had no record of plaintiff's original grievance. *Id.* The court found that plaintiff followed proper procedures and that the "misstep" in his case was "entirely that of the prison system." *Id.* at 810. Therefore, the Seventh Circuit stated it could not be found that plaintiff had failed to exhaust his administrative remedies. *Id*. at 811. Here, in the court's review of the record, the guidance of *Dole*, and the reliance on Judge Johnston's credibility determination of plaintiff during the evidentiary hearing, the court accepts the findings of the report and recommendation that defendants have failed to meet their burden of proof regarding any procedural deficiencies of plaintiff's November 2014 grievance.

Second, defendants object to Judge Johnston's finding that plaintiff provided sufficient information in his November 2014 grievance to put Dixon prison officials on notice of plaintiff's concerns. Defendants contend plaintiff did not satisfy the requirements of 20 Ill. Admin. Code § 504.810(c).[1] This provision of the Illinois Administrative Code states:

> "The original grievance form shall be deposited in the living unit mailbox or other designated repository. The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible."

---

[1] Defendants' brief cites to 20 Ill. Admin. Code § 504.810(b). The court finds this to be a typographical error.

20 Ill. Admin. Code. 504.810(c).

The report and recommendation finds that plaintiff's November 2014 grievance provided detailed dates, times, and places relevant to plaintiff's concerns. Plaintiff also detailed in his grievance actions of "different mental health staff workers" and officials. The court agrees with the magistrate that the information included in the grievance was sufficient to put Dixon officials on notice of the grieved-of issues and with that information would have allowed them to readily identify the specific employees that interacted with plaintiff in relation to his concerns. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) ("That [plaintiff] didn't specifically name the defendants in the grievance was a mere technical defect that had no effect on the process and didn't limit the usefulness of the exhaustion requirement.").[2] Again, defendants have not met their burden.

Finally, while not a subject of defendants' objections, the court agrees with Judge Johnston that the claims against defendant Pfister have not been exhausted. As noted in the report and recommendation, defendant Pfister was an employee of Pontiac at the time of plaintiff's grievance with Dixon. Nothing in plaintiff's November 2014 grievance would have put Pontiac officials on notice of issues at their facility. Therefore, claims against defendant Pfister have not been exhausted.

For the above reasons, the court accepts Magistrate Judge Johnston's report and recommendation. Defendant Pfister is dismissed from this action without prejudice. Defendants have not met their burden to prove plaintiff failed to exhaust his administrative remedies regarding all other defendants and, therefore, the case will proceed as against them.

Date: 11/19/2018                                         ENTER:

*Philip G. Reinhard*
United States District Court Judge

Electronic Notices. (LC)

---

[2] The court is unpersuaded by defendants' reliance on Seventh Circuit law in support of its position. In *Santiago v. Snyder*, the appellate court affirmed the district court's decision granting summary judgment for defendants based on plaintiff's failure to exhaust administrative remedies because plaintiff attempted to follow administrative remedies informally and filed his lawsuit outside the statute of limitations. *Santiago*, 211 Fed. Appx. 478 (7th Cir. 2006). In *Cannon v. Washington*, the ARB acknowledged that plaintiff filed a grievance but found that it was untimely filed. *Cannon*, 418 F.3d 714, 718 (7th Cir. 2005). Neither case addresses 20 Ill. Admin. Code § 504.810(c).